UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**STEPHANIE JONES** : **DOCKET NO. 3:22-CV-03526**

**VERSUS** : **JUDGE DAVID C. JOSEPH**

**AMERICAN MODERN PROPERTY
& CASUALTY INSURANCE CO., ET AL.** : **MAGISTRATE JUDGE LEBLANC**

## REPORT AND RECOMMENDATION

Before the court is a Joint Motion for Voluntary Dismissal With Prejudice filed by plaintiff Stephanie Jones and defendant American Western Home Insurance Company.[1] Doc. 33. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

Having reviewed the motion, the undersigned finds it a competent expression of the parties' mutual intention to no longer prosecute this case. Accordingly, it is

**RECOMMENDED** that the motion be **GRANTED** and that the above captioned matter against defendant American Western Home Insurance Company be **DISMISSED WITH PREJUDICE**, with each party to bear its own costs.

---

[1] In the motion, defendant is named as American Modern Property & Casualty Insurance Co. [doc. 33], however, American Modern was removed from this case after the court granted plaintiff's motion to amend [doc. 21], in which plaintiff claimed the correct insurer to be defendant in this matter was American Western Home Insurance Company [doc. 21, ¶ 2]. Additionally, defense counsel signed the joint motion currently at issue as "ATTORNEYS FOR AMERICAN WESTERN HOME INSURANCE COMPANY." This signature block combined with the fact that American Western is the only defendant remaining in this case indicates to the court that the parties intended for the joint motion to dismiss [doc. 33] to dismiss plaintiff's only remaining claims, those against American Western. Thus, the court's recommendation applies to the claims remaining against American Western Home Insurance Company.

It is further **RECOMMENDED** that the judgment reflect that plaintiff reserves all rights of action against her prior counsel, McClenny, Moseley & Associates, PLLC as well as the resolution of the attorneys' fee, expense, and costs issues.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 2nd day of August, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE